UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Cale Marcus Strickland,                          ) C/A No. 2:17-3256-MGL-KFM
                                                 )
                      Plaintiff,                 )
                                                 )
vs.                                              )        **REPORT AND**
                                                 )     **RECOMMENDATION**
WSPA TV News 7,                                  )
Curt Varner,                                     )
Robert Romine,                                   )
                                                 )
                      Defendants.                )
_____

The plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

The plaintiff filed this defamation action pursuant to 42 U.S.C. § 1983, alleging that an article was published by WSPA TV News 7 that was false, and that the "material has had a damaging attire on the area of life I walk around." (doc. 1 at 5). All of the defendants are located in South Carolina (*id.*, at 2). The plaintiff seeks damages of $1,650,000.00 (*id.* at 6).

## DISCUSSION

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear

1

failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint should be dismissed for failure to state a claim on which relief may be granted.  The plaintiff cannot bring his defamation claim in this federal court pursuant to § 1983.  An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983.  *Paul v. Davis*, 424 U.S. 693, 697–710 & n. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law.  *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989).

Further, state law claims of defamation and slander are actionable in this Court only if diversity jurisdiction is satisfied.  *See Cent. W. Va. Energy Co. v. Mountain State Carbon*, LLC, 636 F.3d 101, 103 (4th Cir. 2011).  With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See id.*; 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant.  *Central West Virginia Energy Co.*, 636 F.3d at 103.  Here, the plaintiff alleges that all of the parties are domiciled in South Carolina (doc. 10).  Thus, complete diversity is lacking, and this Court has no

diversity jurisdiction over this action.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice*.

The plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

March 7, 2018
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).